## WAIVER OF CONDITION AS TO PRE-PAYMENT OF PREMIUMS.

[Circuit Court of Hamilton County.]

PREFERRED MASONIC MUTUAL ACCIDENT ASSOCIATION v. MARGARET J. HARRINGTON.

Decided, May 11, 1907.

*Amendment—Permissible after Verdict, when—Waiver—Trial—Effect of Production of Receipt without Explanation—Interrogatories— Failure of Jury to Answer—Error—Section 5114.*

1. In an action on a policy of insurance, where the case has been tried in part on the theory that there had been a waiver of the condition of the policy as to prepayment of premiums, it is not error after verdict to permit an amendment of the petition setting up such waiver.
2. Moreover, the receipt of the company for the premium having been offered without explanation, it stands as *prima facie* evidence of compliance with the conditions of the policy, and the verdict should stand regardless of the question of waiver.
3. Failure of the jury to answer special interrogatories is not ground of error when not excepted to at the time.

GIFFEN, J.; SWING, J., and SMITH, J., concur.

This action was founded upon a policy of accident insurance. The plaintiff in her petition alleged full performance of all its conditions. The answer contains a general denial of such performance, and an averment that the last quarterly payment due before the accident was not paid, and that by the terms of the policy it thereby lapsed and became void and of no effect.

After verdict for plaintiff the court permitted plaintiff to file an amended petition, setting up a waiver of the condition of the policy requiring prepayment of the quarterly premium due January 30, 1903. The case was tried partly upon this theory, and there was no error in permitting the amendment. Section 5114, Revised Statutes.

The production of the receipt of the association for the quarterly premium was *prima facie* evidence of payment, and in

the absence of any explanation entitled the plaintiff to a verdict without regard to any question of waiver. *Neil* v. *Hepburn*, 6 Ohio, 534.

The deposition of the witness, Warner, attached to the bill of exceptions is not identified by any mark as the deposition offered in evidence, and hence can not be considered as a part of the bill, nor will the court consider the alleged errors that the verdict is not sustained by sufficient evidence, and that the court refused to instruct the jury to return a verdict for the defendant. *Railroad Co.* v. *Mackey*, 53 O. S., 370.

Such of the numerous special instructions requested by the defendant as were refused had either already been substantially given to the jury, or were afterwards embraced in the general charge, or were inapplicable to the case as presented by the record.

The failure of the jury to answer the three special interrogatories were not excepted to until after the jury was discharged, and will not avail as a ground of error.

We find no prejudicial error in the record and the judgment will be affirmed.

*Frank T. Lodge, Boyce & Boyd* and *M. C. Stules,* for plaintiff in error.

*M. G. Heintz,* contra.